Endres *et al. vs.* Lloyd *et al.*

---

LEWIS B. ENDRES *et al.*, plaintiffs in error, *vs.* EDWARD LLOYD *et al.*, defendants in error.

1. Where an execution has been levied on personalty which is subsequently seized under another execution, a court of equity will not enjoin sale under the latter, but will leave the complainants to their common law remedies, which are complete.

2. It will not be presumed that a magistrate will not administer the law correctly. If he does not, his errors may be corrected without resort to a court of equity.

Injunction. Levy and sale. Presumption. Before Judge TOMPKINS. Chatham County. At Chambers. May 2d, 1876.

On April 29th, 1876, Edward Lloyd and others filed their bill for relief and injunction against Lewis B. Endres. The allegations were as follows: On April 19th, 1876, complainants foreclosed laborers' liens against S. N. Papot & Company, before S. Elsinger, a notary public for Chatham county, and executions were placed in the hands of Julius Kaufman, a constable. On 19th April, Kaufman levied on the property of said Papot & Company, and, among other things, the contents of rooms numbers nine, ten, eleven, twelve, thirteen, fourteen, in the Pulaski House. At the time of the levy these rooms being locked and the keys in the hands of Papot

or some unknown party, a watchman was placed before the doors of the rooms, and a locksmith sent for to open them. In the meantime, one Lewis B. Endres, a constable, acting under the process of J. J. Abrams, justice of the peace, confederating with Papot and others, undertook to levy on the same property in favor of other liens. To do this he climbed to the roof of the hotel, thence through a window into the rooms. He then bolted the doors on the inside so as to keep Kaufman out, placed a watchman within, and afterwards removed the furniture and advertised it for sale. The original affidavits under which Endres levied were null and void, not stating that the labor was performed in Chatham county. Complainants believe that new affidavits were afterwards made and new *fi. fas.* issued subsequent to April 19th, and therefore their liens were inferior to those in the hands of Kaufman

The bill further alleges that Justice Abrams has become so interested in the conflict between the liens that he will not do justice on a trial before him, and that there is a combination between Abrams, Endres, Papot and others to defeat the *fi. fas.* issued by Elsinger. The prayer of the bill was that Endres and his confederates be made to answer the premises, that both sets of *fi. fas.* be produced in court, and the rights of all parties inquired into and determined. A further prayer was for temporary injunction against the sale of the property by Endres.

The defendants demurred and answered. The answer being immaterial here, is omitted.

The chancellor overruled the demurrer, granted the injunction, and passed an order allowing complainants to make S. N. Papot and others parties to the bill. To all of this defendants excepted.

A. P. ADAMS, by D. F. & W. R. HAMMOND, for plaintiffs in error.

R. R. RICHARDS, by brief, for defendants.

WARNER, Chief Justice.

The case made by the complainants' bill, is a contest between certain parties complainants and defendants, who are claiming laborers' liens on the property of S. N. Papot & Company, and who claim to have levied certain lien *fi. fas.* thereon. The object and prayer of the complainants' bill is to enjoin the defendants from prosecuting their lien *fi. fas.*, to the prejudice of the complainants' lien *fi. fas.*, for certain reasons alleged therein. The presiding judge granted the injunction prayed for and the defendants excepted.

Assuming the allegations in the complainants' bill to be true, the same are not sufficient to give a court of equity jurisdsction for the purpose of granting an injunction. If the lien *fi. fas.* in the hands of constable Kaufman were legally levied on the goods in rooms numbers thirteen and fourteen, prior to the levy made thereon by constable Endres, his common law remedy to obtain the possession thereof was ample and complete; nor will it be presumed that justice Abrams will not administer the law correctly, but if he does not, then his errors may be corrected in the manner pointed out by law, without resorting to a court of equity and obtaining an injunction.

Let the judgment of the court below be reversed.